**WALKER INVESTMENTS, INC.,**
Appellant,

v.

**AMERICAN EXPRESS FIELD WARE-HOUSING CORPORATION,**
Appellee.

No. 17880.

United States Court of Appeals
Fifth Circuit.

March 30, 1960.

Rehearing Denied April 28, 1960.

Melvin T. Boyd, T. J. Blackwell, Miami, Fla., Blackwell, Walker & Gray, Miami, Fla., for appellant.

S. O. Carson, Miami, Fla., John H. Wahl, Jr., Miami, Fla., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., of counsel, for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

■ This is an appeal from the judgment of the trial court based on a verdict of the jury for the defendant Warehouse Company in a suit for recovery of certain lumber covered by its warehouse receipt. The appellee tendered the property which it held sequestered against the receipt and the jury was authorized to find that it was the same lumber that had been deposited in the field warehouse initially.

Appellant sought to establish liability of the warehouseman on the contention that the goods surrendered to it were in fact worthless pieces of lumber instead of the designated four hundred thousand feet of lumber of a certain grade and quality. This effort of the plaintiff was based on that provision of the Florida statute regulating warehouse receipts, F.S.A. § 678.02 et seq., which provides:

"A warehouseman shall be liable to the holder of a receipt, issued by him * * * for damages caused by the nonexistence of the goods *or by the failure of the goods to correspond with the description* thereof in the receipt at the time of its issue." (Emphasis added.)

We assume that there was evidence from which the jury could find that the lumber here surrendered failed by a great deal to "correspond with the description thereof in the receipt." The record before us does not include the evidence of damage, but appellee does not contend here that there was not a sufficiency of evidence as to these matters to warrant submission of the case to the jury.

The appellee defended on the further provision of the same section on the Florida Statute which provides:

"If, however, the goods are *described* in a receipt *merely* * * * *by a statement* that the goods *are said* to be goods of a certain kind * * * or by words of like purport, *such statement,* if true, shall not make liable the warehouseman issuing the receipt, although the goods are not * * * of the kind they were *said* to be by the depositor." (Emphasis added.)

These receipts had printed on their face, just before the description of the goods, the words: "Said to be," so that the face of the receipt stated:

"This is to Certify that we have received in Storage Warehouse * * * No. 6A ex 62nd Street Lumber Company, Inc., the following described property * * *:

| Quantity | Said To Be Or Contain | Depositors Valuation |
|---|---|---|
| 479,520 | Units of Lumber, Building Supplies and Allied items. The individual quantities, description and prices are as shown on the attached schedule consisting of 1 page, which is attached thereto [sic] and made a part hereof." | $41,485.81 |

While there are other contentions made by appellant, the only one of substance is that after the trial had proceded to its conclusion on the assumption that this language formed the essential parts of the contract as fixing the liability of the warehouseman under the Florida statute, the court, on motion of appellee, reconvened the trial three days later and permitted the warehouseman to introduce in evidence an additional document. This document was similar in all respects to the receipt sued on except that it had an additional statement on the reverse side not contained on the receipt delivered to Walker. It was one of several duplicates signed at the same time as the original, but it contained the additional statement, signed by the depositor of the lumber, who received the amount of the advance by Walker. It contained the following certificate:

"We warrant that the number of units, quantity, quality, valuation and description of the merchandise or commodities listed on said original receipt and on the attachments * * * are true and correct * * *. Valuations, if any, set forth thereon have been furnished by the undersigned depositor solely for the convenience of the Depositor and any holder of said receipt. Warehouseman shall have no responsibility for such valuations or liability by reason thereof * * *."

It is not shown that the holder of the receipt, Walker Investments, Inc., ever saw or knew of this side agreement between the depositor and appellee, which purported to exculpate appellee from any liability for valuation. The document was tendered by appellee in an effort to prove that Roberts, the depositor, had represented to the warehouseman that the description of the lumber was true and correct, and that the *statement* made to Walker that the lumber "was said to be" Lumber 8/4 x RWL Utility Fir or Lumber 12/4 x RWL #2 or btr. Fir,[1] was true, thus satisfying the exculpatory clause of the Florida statute.

■ Appellant asserts in its brief here that this document was introduced "over its objection." Appellee attacks this by pointing out that the printed record discloses that counsel said merely: "I object to this on the grounds previously stated." Appellant does not point out in its brief where in the printed record is the previous statement of grounds of objection to which it thus referred. We have examined the record several times and it is nowhere to be found. We further carefully examined the "original record" filed in the Clerk's office and it does not appear there. Having been thus challenged it was the duty of the appellant to supply the information by asking that the record be enlarged or otherwise in order that we might ascertain whether a valid objection was made.

However, this is not now necessary because the appellant argues the matter as though the objection were before the court. Its objection, as asserted in its brief, was that the introduction of this document violated the best evidence rule, since a "copy" of the receipt had been introduced in evidence, without objection, early in the trial. This objection, if made, would not be availing. Appellee tendered this particular document for the stated purpose of showing that Roberts, the depositor, had certified to the correctness of the description of the lumber.

■■ It was not tendered to vary or contradict any of the terms of the receipt already introduced. In effect, only the certificate was tendered. Everything else was identical with the receipt already in evidence. If appellant had objected to the introduction of the document on the ground that it was a hearsay self-serving declaration not binding on the holder of the receipt, a different ques-

1. From the evidence in the trial it is apparent that this meant "eight quarters of an inch, or two inches, by random widths and lengths Utility Fir," and "twelve quarters of an inch or three inches, by random widths and lengths #2 or better Fir."

tion might have been raised. The trial court was not asked to pass on that objection and we cannot decide it because it was not made and because it is not even urged here.

Assuming the objection to have been made in the terms of the contention made by appellant in its brief here, it was not good and the trial court did not err in overruling it.

■ Appellant makes the further objection that "the trial judge specifically limited the reopening of the case to only permit the introduction of the 'copy' into evidence and refused Walker any opportunity to present any evidence to rebut or attempt to explain the existence of the copy." This is, at best, a very inaccurate statement of what transpired, as disclosed by the record. After the document had been identified by Roberts and introduced in evidence, the following transpired:

"The Court: Anything further?

"Mr. Carson: [Appellee's counsel] No, sir. That is all.

"The Court: The defendant rests?

"Mr. Carson: Yes, sir.

"Witnesses Excused.

"The Court: Is there any rebuttal that you are asking for?

"Mr. Boyd: [Appellant's counsel] No, sir."

Clearly appellant had ample opportunity to "rebut or attempt to explain."

■ We find no error in the denial of the trial court of the motion for continuance by reason of appellant's inability to find records of the depositor company. For all that appeared in the showing made by appellant it had exhausted its sources of inquiry, and no such ground for continuance was shown as required the court as a matter of law to grant it. Cf. 9 Cyc.F.Proc. 73 (3d ed.) 28.11.

We have examined the other points raised by appellant, but find them without merit.

The judgment is affirmed.